Filed 1/18/24  P. v. Cowains CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADRON CONSAHUNDRI COWAINS,<br><br>    Defendant and Appellant. | 2d Crim. No. B329466<br>(Super. Ct. No. TA101974)<br>(Los Angeles County) |

Adron Consahundri Cowains appeals the order of the trial court denying his petition for resentencing pursuant to Penal Code section 1172.6.[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14

---

[1] All further statutory references are to the Penal Code.

Cal.5th 216 (*Delgadillo*).  Appellant filed his own supplemental brief, in propria persona.  We affirm.

*Procedural Background*[2]

Appellant was convicted by jury of attempted, premediated, deliberate murder.  (§§ 187, subd. (a), 664.)  The jury found that appellant caused great bodily injury by personally using a firearm.  (§§ 12022.5, subd. (a)(1), 12022.53, subd. (b),(d).)  In April 2000, he was sentenced to a term of life for the attempted murder, and a consecutive term of 25 years to life for the firearm use.

In 2022, appellant filed a section 1172.6 form petition for resentencing in which he checked the boxes alleging that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime; that he was convicted of murder, attempted murder, or manslaughter; and that he could not presently be convicted of murder or attempted murder because of the changes made to sections 188 and 189, effective January 1, 2019.  Appellant also checked the box indicating that he has presented a facially sufficient petition and requests the appointment of counsel.

The trial court summarily denied the petition without appointing counsel or requesting briefing because appellant was not entitled to relief as a matter of law.  In a written memorandum of decision, the trial court explained, "The court

---

2 The following procedural facts are taken from our nonpublished opinion on direct appeal, *People v. Cowains* (Sept. 17, 2001, B143922) [nonpub. opn.] (*Cowains*)).

2

file reflects that the petitioner was the actual shooter and he was not convicted under a theory of aiding and abetting anyone else or a theory of natural and probable consequences. There are no jury instructions for aiding and abetting or natural and probable consequences. The jury also found 'true' the allegation that the petitioner fired a handgun."

*Discussion*

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo, supra*, 14 Cal.5th at p. 226.) However, he is entitled to appellate consideration of any contentions raised in his supplemental brief. (*Id.* at p. 232.)

We exercised our discretion and conducted an independent review of the record in accordance with the procedures set forth in *Delgadillo, supra*, 14 Cal.5th at p. 232. Based on our review, we conclude the trial court erred in summarily denying appellant's petition prior to appointing counsel, ordering briefing, or conducting a hearing. (See *People v. Lewis* (2021) 11 Cal.5th 952, 957, 967; § 1172.6, subd. (c).) However, the error was harmless because appellant cannot show there is a reasonable probability that in the absence of the error, he would have obtained a more favorable result. (See *Lewis*, at p. 974.)

We next consider appellant's contentions raised in his supplemental brief.

First, appellant appears to challenge the sufficiency of the evidence to prove his identity as the shooter. He makes several arguments in support of this contention, including that the

victim, Robert Mitchell, testified to "various different events that suppose[dly] occurred" on the night of the shooting, was "under heavy medications," and has since signed two declarations proclaiming appellant's innocence. Appellant also contends the second witness, Daniel Williams, "gave false testimony" during the trial when he identified appellant as the shooter. Appellant claims an additional witness has come forward stating that she was present during the shooting and that appellant was not the shooter. He further contends "no physical evidence has ever been recovered linking [him] to the shooting."

Second, appellant contends "the introduction of gangs [and] misleading testimony ultimately [led] to a conviction.

We reject appellant's contentions because they are an attempt to relitigate issues we have already decided in our opinion on direct appeal. (See *Cowains*, *supra*, B143922; *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [a section 1172.6 petition "is not a means by which a defendant can relitigate issues already decided"].) Furthermore, the "mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

*Disposition*

The trial court's order summarily denying appellant's petition for resentencing pursuant to section 1172.6 is affirmed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, Acting P. J.

We concur:

BALTODANO, J.        CODY, J.

4

Kelvin D. Filer, Judge
Superior Court County of Los Angeles

_____


Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.